UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PEDRO ESTEBAN,

      Petitioner,

vs.

JACK PALMER, et al.,

      Respondents.

3: 06-cv-0418-KJD-VPC

**ORDER**

This action is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner represented by counsel. The action is before the court for decision on the merits.

**Procedural History**

On July 16, 2003, the Clerk of the Eighth Judicial District Court, Clark County, Nevada, entered an Amended Judgment of Conviction in *State of Nevada v. Pedro Esteban*, Case No. C184880. (Exhibit 31.[1])

Following a nine-day jury trial, the jury convicted petitioner of the following crimes:

---

[1] All exhibits refer to the exhibits filed by petitioner in support of his first amended petition for writ of habeas corpus. (Docket #19-#24.)

nine count of Lewdness With a Child Under the Age of 14 (Counts 1-7, 19-20); ten counts of Sexual Assault With A Minor Under 14 Years of Age (Counts 8-13, 22-25); two counts of Incest (Counts 15 & 26); two counts of Battery With Intent to Commit a Crime (Count 16 & 17); and one count of Attempt Lewdness With a Child Under the Age of 14 (Count 21).  The district court sentenced petitioner to serve terms totaling life in the Nevada State Prison with the possibility of parole after sixty-eight years has been served.  (Exhibit 31.)

Petitioner filed a notice of appeal on June 5, 2003.  (Exhibit 29.)   The Nevada Supreme Court docketed this appeal as Case No. 41423.   On September 3, 2004, the Nevada Supreme Court filed an Order of Affirmance, denying petitioner relief on appeal.  (Exhibit 34.)  Remittitur issued September 29, 2004.  (Exhibit 35.)

On August 18, 2005, petitioner filed a *pro per* petition for writ of habeas corpus in the District Court of Clark County, Nevada.  (Exhibit 37.)    The Honorable Valorie J. Vega held a hearing on the petition on December 15, 2005.  (Exhibit 1, p. 19.)  The court denied the petition and denied the request for an evidentiary hearing.  (*Id*., Exhibit 48.)   The Notice of Entry of Order and Decision was filed January 17, 2006.  (Exhibit 48.)

Petitioner filed a notice of appeal on January 26, 2006.  (Exhibit 49.)  The Nevada Supreme Court docketed this appeal as case no. 46696.  On July 10, 2006, the Nevada Supreme Court denied the appeal and entered an Order of Affirmance.  (Exhibit 53.)  Remittitur issued August 4, 2006.  (Exhibit 55.)

Petitioner mailed his petition for writ of habeas corpus to this court on July 20, 2006.  The court appointed counsel in this action on August 21, 2006.  (Exhibit #6.)  Petitioner filed his first amended petition on June 5, 2009.  (Docket #18.)  Respondent opposes the petition.

**Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  *Williams v. Taylor*, 120

S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the District Court of Clark County, Nevada, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed on July 20, 2006, after the enactment of the AEDPA, thus it is governed by its provisions.

**Federal Habeas Corpus Standards**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner

applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## DISCUSSION

**Ground One**

In ground one, petitioner contends that trial counsel was ineffective on six different

occasions. First, petitioner contends that trial counsel was ineffective for failing to object to two pairs of duplicated counts in the information. In the first pair, count 22 of the Information charged:

> SEXUAL ASSAULT WITH A MINOR UNDER FOURTEEN YEARS OF AGE did, on or between July 18, 2000 and December 31, 2002, then and there willfully, unlawfully, and feloniously sexually assault and subject LOURDES ESTEBAN, a female child under fourteen years of age, to sexual penetration, to-wit; sexual intercourse, by Defendant inserting his penis into the vagina of the said LOURDES ESTEBAN, against her will, or under conditions which Defendant knew, or should have known, that the said LOURDES ESTEBAN was mentally or physically incapable of resisting or understanding the nature of Defendant's conduct.

(Exhibit 20.) Count 23 identically charged:

> SEXUAL ASSAULT WITH A MINOR UNDER FOURTEEN YEARS OF AGE did, on or between July 18, 2000 and December 31, 2002, then and there willfully, unlawfully, and feloniously sexually assault and subject LOURDES ESTEBAN, a female child under fourteen years of age, to sexual penetration, to-wit; sexual intercourse, by Defendant inserting his penis into the vagina of the said LOURDES ESTEBAN, against her will, or under conditions which Defendant knew, or should have known, that the said LOURDES ESTEBAN was mentally or physically incapable of resisting or understanding the nature of Defendant's conduct.

(*Id.*)

In the second pair of identical charges, count 24 of the information charged:

> SEXUAL ASSAULT WITH A MINOR UNDER FOURTEEN YEARS OF AGE did, on or between July 18, 2000 and December 31, 2002, then and there willfully, unlawfully, and feloniously sexually assault and subject LOURDES ESTEBAN, a female child under fourteen years of age, to sexual penetration, to-wit: digital penetration, by Defendant inserting his finger into the vagina of the said LOURDES ESTEBAN, against her will, or under conditions in which Defendant knew, or should have known, that the said LOURDES ESTEBAN was mentally or physically incapable of resisting or understanding the nature of Defendant's conduct.

(*Id.*) Count 25 repeats:

> SEXUAL ASSAULT WITH A MINOR UNDER FOURTEEN YEARS OF AGE did, on or between July 18, 2000 and December 31, 2002, then and there willfully, unlawfully, and feloniously sexually assault and subject LOURDES ESTEBAN, a female child under fourteen years of age, to sexual penetration, to-wit: digital penetration, by Defendant inserting his finger into the vagina of the said LOURDES ESTEBAN, against her will, or under conditions in which Defendant knew, or should have known, that the said LOURDES ESTEBAN was mentally or physically incapable of resisting or understanding the nature of Defendant's conduct.

(*Id.*)

Petitioner argues that these two sets of charges provided no differentiation to give

5

petitioner notice of what conduct was being charged in each count.  He also argues that the conduct in each count was not connected to any distinguishable incident, either in the Information or in the prosecutor's presentation at trial.   Petitioner claims that the failure of these counts to provide notice of the charges violated his fair trial and due process rights under the Fourteenth Amendment.

Separately, petitioner argues that these identical charges raise the question of whether he has been convicted twice for the same conduct.   That is, he argues that the identical charges allow for the possibility of two jury convictions for the same incident.   Plaintiff claims that this violates the Fifth and Fourteenth Amendment prohibition against double jeopardy.

Finally, petitioner stresses that trial counsel failed to challenge these deficiencies in the charges, and argues that had counsel done so, petitioner would not have been subject to charges in both counts 22 and 23 and counts 24 and 25.  He therefore concludes that he was provided with ineffective assistance of  trial counsel.

The law governing ineffective assistance of counsel claims is clearly established for the purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d).  *Canales v. Roe*, 151 F.3d 1226, 1229 (9th Cir. 1998.)  In a petition for writ of habeas corpus alleging ineffective assistance of counsel, the court must consider two factors. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994).  First, the petitioner must show that counsel's performance was deficient, requiring a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687.  The petitioner must show that counsel's representation fell below an objective standard of reasonableness, and must identify counsel's alleged acts or omissions that were not the result of reasonable professional judgment considering the circumstances. *Id*. at 688; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995). Judicial scrutiny of counsel's performance is highly deferential.  A court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); *Sanders v. Ratelle*, 21 F.3d 1446, 1456

1  (9th Cir.1994).

2   Second, the petitioner must demonstrate that "there is a reasonable probability that,
3  but for counsel's unprofessional errors, the result ... would have been different," 466 U.S., at 694.
4  Petitioner must show that counsel's errors were so egregious as to deprive defendant of a fair trial,
5  one whose result is reliable. *Strickland*, 466 U.S. at 688.  The court must evaluate whether the entire
6  trial was fundamentally unfair or unreliable because of counsel's ineffectiveness. *Id*.; *Quintero-*
7  *Barraza*, 78 F.3d at 1345; *United States v. Palomba*, 31 F.3d 1356, 1461 (9th Cir. 1994).

8   A court need not determine whether counsel's performance was deficient before
9  examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. *Strickland*,
10  466 U.S. 668, 697, 104 S.Ct. 2052, 2074 (1984).  Since the defendant must affirmatively prove
11  prejudice, any deficiency that does not result in prejudice must necessarily fail. However, there are
12  certain instances which are legally presumed to result in prejudice, e.g., where there has been an
13  actual or constructive denial of the assistance of counsel or where the State has interfered with
14  counsel's assistance. *See Strickland*, 466 U.S. at 692; *United States v. Cronic*, 466 U.S., at 659, and
15  n. 25, 104 S.Ct., at 2046-2047, and n. 25 (1984).

16   Ineffective assistance of counsel claims are analyzed under the "unreasonable
17  application" prong of *Williams v. Taylor*, 529 U.S. 362 (2000). *Weighall v. Middle*, 215 F.3d 1058,
18  1062 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ
19  if the state court identifies the correct governing legal principle from [United States Supreme Court]
20  decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529
21  U.S. at 413.  The habeas corpus applicant bears the burden to show that the state court applied
22  United States Supreme Court precedent in an objectively unreasonable manner. *Price v. Vincent*,
23  538 U.S. 634, 640 (2003).

24   In addressing this issue in petitioner's appeal from the denial of his petition for writ of
25  habeas corpus, the Nevada Supreme Court held as follows:

26   Appellant claimed the indictment did not distinguish the charged incidents in time
  and therefore did not give him adequate notice of the charges. "Unless time is an

7

1   essential element of the offense charged, there is no absolute requirement that the
state allege the exact date, and the state may instead give the approximate date on
2   which it believes the crime occurred." [Footnote 8.]  Our review of the record on
appeal reveals that the State alleged in the information that the four counts charged
3   conduct occurring "on or between July 18, 2000 and December 31, 2002." This was
sufficient to establish a time frame for the charged conduct.  Appellant also contended
4   counsel was ineffective for failing to challenge these four counts on the ground that
their lack of specificity as to time violated the prohibitions against redundancy and
5   double jeopardy. However, redundancy and double jeopardy only prohibit multiple
punishments for the same offense, not multiple charges for what may, through
6   testimony, be revealed to be the same conduct. [Footnote 9.]  Accordingly, we
conclude counsel was not deficient for failing to object on these grounds, and the
7   district court did not err in denying this claim.

8    Footnote 8: *Cunningham*, 100 Nev. at 400, 683 P.2d at 502.

9    Footnote 9: *See generally Salazar v. State*, 119 Nev. 224, 70 P.2d 749 (2003);
    *Gaxiola v. State*, 121 Nev. ____, 119 P.23d 1225 (2005).
10
(Exhibit 53, pp. 4 - 5.)
11

12        Petitioner argues that the Nevada Supreme Court's finding that language in the

13  charging document was sufficient to establish a time frame for the charged conduct begs the question

14  of whether petitioner had sufficient notice to defend against the charges, when the counts were

15  indistinguishable on their face.   In *Cunningham*, the case cited by the Nevada Supreme Court in

16  rejecting petitioner's contention, the appellant similarly contended that he was deprived of adequate

17  notice because the charging document filed against him simply alleged that "one of the acts of which

18  he was convicted occurred 'on or about the calendar year of 1981,' and that the other two acts

19  occurred 'on or about the calendar years of 1981 and 1982, but prior to November 15, 1982.'

20  *Cunningham*, 100 Nev. 396, 400, 686 P.2d 500, 502 (1984).  The court went on to explain:

21        Cases such as the present one, however, pose special problems for the state in
    attempting to allege the exact date of the commission of the crime. Generally speaking, in a
22  case involving a child victim, the child is often unable to indicate to the state with any
    precision the exact time of the commission of the offense. This problem is compounded in
23  cases involving sexual abuse, since there are usually no witnesses to the offense other than
    the child. Additionally, in cases such as the present one which involve the sexual abuse of
24  children by members of their own family, the children are often understandably reluctant to
    tell anyone of such occurrences, and often do not tell anyone until quite some time later. By
25  that time, as here, the child is often unable to remember more than the general period in
    which the offense took place. Faced with such problems, it clearly cannot be said that the
26  state had an absolute obligation to draft an information with any more particularity than was
    done here.

8

1  *Cunningham,* 100 Nev. at 400-401, 686 P.2d at 502.

2  The court has reviewed this claim and concludes that under the controlling law concerning the unique scenario of child sexual abuse as discussed in *Cunningham*, petitioner can demonstrate neither that his trial counsel's performance on this issue fell below an objective standard of reasonableness under prevailing norms or that petitioner was prejudiced.  Accordingly, the court finds that petitioner has failed to carry his burden under *Williams v. Taylor* of demonstrating that the Nevada Supreme Court's decision on this issue involved the unreasonable application of United States Supreme Court precedent as set forth in *Strickland*.  Thus, the court finds that this claim presents no basis for habeas corpus relief.

As his second and closely related claim of ineffective assistance of counsel, Petitioner contends that trial counsel was ineffective for failing to object to vagueness in the charging document.  Petitioner objects to the state's failure to specifically identify the activity each charge stemmed from.  He notes that the state charged him with nine separate counts of Sexual Assault with a Minor and nine separate counts of Lewdness with a Minor, making a general allegation that the incidences occurred between July 18, 2000, and December 31, 2002.  The jury returned verdicts of guilty on each of these eighteen counts, and the trial court imposed judgment and sentences on all counts.  Petitioner claims that as a result, his convictions for sexual assault and lewdness with a minor violated his Constitutional right to due process and a fair trial, and subjected him to double jeopardy in violation of the Fifth and Fourteenth Amendments.

The Nevada Supreme Court rejected this argument, finding that, "[o]ur review of the record indicates the State elicited testimony from E.E. and L.E. that was sufficient to place the charged conduct within the charged time frames," citing *Cunningham*.  (Exhibit 53, p. 5.)  While tacitly acknowledging the holding in *Cunningham* regarding the level of specificity required in a document charging child sexual abuse, Petitioner attempts to make an artificial distinction between the activity each charge stemmed from and the date on which the activity occurred.  The court finds that these factors are inextricably interwoven under the reasoning of *Cunningham*.  The court has

9

reviewed petitioner's arguments on this claim and finds that petitioner can demonstrate neither that his trial counsel's performance on this issue fell below an objective standard of reasonableness under prevailing norms or that petitioner was prejudiced. Accordingly, the court finds that petitioner has failed to carry his burden of demonstrating that the Nevada Supreme Court's decision on this issue involved the unreasonable application of United States Supreme Court precedent as set forth in *Strickland*. Thus, the court finds that this claim presents no basis for habeas corpus relief.

In his third argument supporting his claim of ineffective assistance of counsel, petitioner argues that trial counsel was ineffective for failing to object to the charges of lewdness and sexual assault on the ground that these charges were redundant because they did not stem from separate and distinct acts. He also argues that trial counsel was ineffective for failing to elicit testimony regarding the redundancy of the charges. He claims that the victims' testimony regarding acts of lewdness and acts of sexual penetration did not differentiate between the alleged acts or time frames during which the acts occurred. *See Braunstein v. State*, 40 P.3d 413, 421, 118 Nev. 68, 79 (Nev. 2002) ("[t]he crimes of sexual assault and lewdness are mutually exclusive and convictions for both based upon a single act cannot stand.").

The Nevada Supreme Court rejected this argument, finding that petitioner had failed to demonstrate that his trial counsel's performance was deficient. The court stated:

> [A]ppellant contended his counsel was ineffective for failing to seek dismissal at trial of count nineteen, lewdness with a child under the again of fourteen (L.E.). Appellant claimed the State failed to prove the act of lewdness charged in count nineteen was not redundant to the acts charged in counts twenty-five and twenty-six, sexual assault of a minor under the age of fourteen, pursuant to *Braunstein v. State.* [Footnote omitted.] L.E. testified that appellant made her touch his penis and penetrated her with his fingers and his penis more than one time. This testimony was sufficient to establish the incident of lewdness was separate from the incidents of sexual assault. Accordingly, we conclude the district court did not err in denying this claim.

(Exhibit 53, p.4.) The court further stated:

> [A]gain citing *Braunstein*, appellant contended trial counsel was ineffective for failing to cross-examine the victims effectively to show the lewdness counts were redundant to the sexual assault counts. Appellant failed to demonstrate counsel's performance prejudiced him. Appellant conceded that no trial testimony indicated any of the lewdness counts were incidental to any of the sexual assault counts, and

1         appellant failed to demonstrate that cross-examination of the victims would have elicited such testimony.  Further, E. E. testified that on multiple occasions appellant touched her chest, vagina, and buttocks, and made her touch his penis; L.E. testified that on multiple occasions appellant touched her buttocks and made her touch his penis.  This conduct would be sufficient to support a lewdness charge, and would not be considered incidental to sexual assault.  Accordingly, we conclude the district court did not err in denying this claim.

(Exhibit 53, p. 6.)

        The factual findings of the state court are presumed correct, 28 U.S.C. § 2254(e)(1), and petitioner has not overcome this presumption in regard to this issue.  In light of the Nevada Supreme Court's findings regarding the evidence presented at trial, this court finds that petitioner has not demonstrated that the Nevada Supreme Court's decision on this issue involved the unreasonable application of United States Supreme Court precedent as set forth in *Strickland*.  Thus, the court finds that this claim presents no basis for habeas corpus relief.

        In his fourth claim in support of his contention that he received ineffective assistance of trial counsel, petitioner claims that trial counsel was ineffective for failing to object to prosecutorial misconduct in closing argument.  Petitioner claims that the prosecutor misstated the law on consent.  In addressing this issue, the Nevada Supreme Court found as follows:

> [A]ppellant contended trial counsel was ineffective for failing to object to the State's closing argument, in which, appellant alleged, the State mischaracterized the elements of sexual assault.  Appellant claimed the State improperly argued in closing that (a) the victims did not need to manifest their lack of consent and (b) the jury could not legally find that the victims consented, due to their ages (eight and on-half years and ten and on-half years) and the fact that appellant was their father.  Appellant failed to demonstrate counsel's performance prejudiced him.  Even if the State's arguments were in some way improper, they were cured by the jury instructions.  The jury was instructed that a person "is not required to do more than her age, strength, surrounding facts and circumstances make it reasonable for her to do to manifest opposition to sexual assault."  The jury was also instructed that a defendant is guilty of sexual assault of a minor when he subjects the minor to "sexual penetration, against the minor's will or under conditions in which the perpetrator knows or should know the minor is mentally or physically incapable of resisting or understanding the nature of his conduct   .   .   ."   The jury could reasonably have concluded that, whether the victims manifested opposition or not, appellant should have known the sexual assault was against the victims' will or that the victims were incapable of resisting or understanding appellant's conduct because appellant knew the victims' ages and that they were both his daughters.  Further, E.E. testified that she would sometimes try to get away from appellant or hit or kick him, but he would physically restrain her or slap her.  Accordingly, we conclude the district court did not err in denying this claim.

11

(Exhibit 53, p. 7.)

As found by the Nevada Supreme Court, the parties settled on jury instructions that cured any prejudice or confusion regarding the applicable law that may have resulted from the prosecutor's comments during closing arguments.  The court finds, therefore, that petitioner has failed to carry his burden of demonstrating that the Nevada Supreme Court's decision on this issue the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d).  The court thus concludes that this claim provides no basis for habeas corpus relief.

As his fifth claim in support of his contention that he received ineffective assistance of trial counsel, petitioner claims that trial counsel was ineffective for failing to object when petitioner's wife was not allowed to speak on his behalf at sentencing.  The Nevada Supreme Court explained as follows:

> [A]ppellant contended trial counsel was ineffective for failing to object to the district court's refusal to allow appellant's wife to testify at appellant's sentencing.  Appellant failed to demonstrate counsel was deficient.  The sentencing court has the discretion to hear and "reliable and relevant evidence" at sentencing, but appellant failed to demonstrate the sentencing court abused its discretion by refusing to allow appellant's wife to testify.  Only the defendant and his or her counsel have a right to speak at sentencing. [Footnote 17.] Accordingly, we conclude the district court did not err by denying this claim.
>
> Footnote 17: NRS 176.015(2).

(Exhibit 53, pp. 9-10.)

During petitioner's statement at sentencing, he asked the judge to allow his wife to speak on his behalf.  (Exhibit 26, p.9.)  The judge responded that "she is not entitled to speak by law."  *Id.*  Petitioner characterizes this as an incorrect statement of the law.  It is not.  As set forth in the opinion of the Nevada Supreme Court, under NRS 176.015(2), only the defendant and his or her counsel have a right to speak at sentencing.  Although petitioner argues as if the trial court had ruled that petitioner's wife was not permitted by law to speak at sentencing, this was not the ruling.  In

stating that petitioner's wife was not "entitled" to speak, the trial judge was clearly referring to her lack of a legal right to do so.   As the Nevada Supreme Court found, the trial judge simply exercised his discretion to deny petitioner's request to have his wife testify.   This court finds that petitioner has failed to carry his burden of demonstrating that the Nevada Supreme Court's decision on this claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d).  The court thus concludes that this claim provides no basis for habeas corpus relief.

In his sixth and final argument in support of his contention that he received ineffective assistance of trial counsel, Petitioner claims that trial counsel was ineffective for failing to present any mitigating evidence at sentencing.  Petitioner argues that counsel failed to present any letters, witnesses, or mental health evaluations and only argued that petitioner was hard-working and would be deported when he was released from prison.  (Exhibit 26, p. 10.)

The Nevada Supreme Court rejected this claim, noting that petitioner claimed that trial counsel was ineffective for failing to request a mental health evaluation of petitioner for use at sentencing.  The court found that petitioner had failed to demonstrate that counsel's performance prejudiced him, noting that petitioner failed to explain what such a health report would have disclosed or how it would have resulted in a more lenient sentence.  This court similarly rejects petitioner's claim, noting that he has provided no explanation as to what mitigating evidence should have been presented , what this evidence would have shown or how it would have resulted in a reduced sentence for petitioner.  This court finds, therefore, that petitioner has failed to carry his burden of demonstrating that the Nevada Supreme Court's decision on this claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State

1  Court proceeding." 28 U.S.C. § 2254(d).  The court thus concludes that this claim provides no basis
2  for habeas corpus relief.
3         In ground two, petitioner contends that he received ineffective assistance of appellate
4  counsel, raising five supporting arguments.   In these five arguments, petitioner contends that
5  appellate counsel was ineffective for failing to raise on appeal arguments 1, 2, 3, 4, and 6 discussed
6  above.  The Nevada Supreme Court rejected petitioner's five arguments, noting that it had found
7  these arguments meritless when they were presented in the context of an ineffective assistance claim
8  regarding trial counsel.  The Nevada Supreme Court thus found that appellate counsel was not
9  ineffective for failing to raise these arguments.   Because this court has found that petitioner has
10 failed to carry his burden in regard to these five arguments in the context of a claim of
11 ineffectiveness of trial counsel, this court further finds that petitioner has failed to carry his burden of
12 demonstrating that the Nevada Supreme Court's decision in the context of ineffectiveness of
13 appellate counsel "resulted in a decision that was contrary to, or involved an unreasonable
14 application of, clearly established Federal law, as determined by the Supreme Court of the United
15 States;" or "resulted in a decision that was based on an unreasonable determination of the facts in
16 light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d).  The court thus
17 concludes that ground two provides no basis for habeas corpus relief.
18        In ground three, petitioner contends that the trial court violated his right to call
19 witnesses on his behalf under the Sixth Amendment and Fourteenth Amendments when it refused to
20 allow witness Maria Angeles-Ramirez to testify about her previous experience with sexual abuse.
21 At trial, Angeles-Ramirez testified that she had babysat the child victims.  During redirect
22 examination, petitioner's counsel asked he why she had refused to speak to the State's investigator in
23 this case, and she answered, "[b]ecause I had experience."  (Exhibit 34, 6.) The state objected and
24 the court held a hearing outside the jury's presence.  In that hearing, Angeles-Ramirez testified that
25 she did not speak to the investigator because she was a child during the trial of a family member and
26 at that trial, the prosecutor had twisted her words and misrepresented what she had said.  Angeles-

1  Ramirez also answered in the affirmative when asked if she had "been the victim of sexual abuse."
2  Petitioner's counsel argued that Angeles-Ramirez should be allowed to testify as to this fact, because
3  someone that has been a sexual abuse victim "would be a person that's more alert, more concerned
4  about that particular issue than the normal person." (Exhibit 34, p. 7.) The trial court denied
5  petitioner's request to present this testimony, ruling that it would "deter from the facts that are
6  relevant or at issue before this jury" and ruling that presentation of the evidence would be "too time
7  consuming."

8  In ruling on this issue on petitioner's direct appeal, the Nevada Supreme Court held as
9  follows:

> In the instant case, the district court held that allowing Angeles-Ramirez to testify about her previous sexual abuse would be too time consuming and would detract from the relevant evidence in this case. However, the district court allowed Angeles-Ramirez to explain that she did not talk with the State's investigator because she had previously had a bad experience in another state. We conclude that this explanation allowed Angeles-Ramerirez to clarify to the jury why she did not wish to speak to the investigator. Therefore, we conclude that the district court did not abuse its discretion in refusing to admit evidence of Angeles-Ramirez's previous experience with sexual abuse.

(Exhibit 34, p. 8.)

As the Nevada Supreme Court explained in its opinion, the district court has considerable discretion in determining the relevance and admissibility of evidence. *See* NRS 48.035. This court finds that petitioner has failed to carry his burden of demonstrating that the Nevada Supreme Court's decision that the district court did not abuse its discretion in refusing to admit this evidence "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). The court thus concludes that this claim provides no basis for habeas corpus relief.

In ground four, petitioner contends that insufficient evidence existed to support his convictions, and that his convictions therefore violated his rights under the Fifth, Sixth and

1  Fourteenth Amendments to the United States Constitution.  Petitioner's main argument is that given
2  the communal nature of the home in which petitioner and his victims lived with several other family
3  members, it is unfathomable that repeated sexual abuse would have gone unnoticed.

4         The law on insufficiency of the evidence claim is clearly established.  The United
5  States Supreme Court has held that when reviewing an insufficiency of the evidence claim on
6  habeas, a federal court must determine whether, viewing the evidence and the inferences to be drawn
7  from it in the light most favorable to the prosecution, any rational trier of fact could find the essential
8  elements of the crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).
9  Sufficiency claims are judged by the elements defined by state law.  *Id*. at 324 n. 16.

10         In addressing this contention on direct appeal, the Nevada Supreme Court
11  summarized the evidence as follows:

12         At trial, E.E. and L.E. testified that Esteban sexually abused them.  E.E.
    answered affirmatively when asked if the sexual abuse happened every month from
13      September 2000 through 2002.  Phyllis Suiter, an expert in the area of child sexual
    examination, testified that she performed medical exams on E.E. and L.E. on May 14,
14      2002.  Suiter testified that her ultimate finding after examining E.E. is that there "was
    clear evidence of a penetrating injury to the hymen, and this was consistent with her
15      history and indicative of sexual abuse".  Suiter answered affirmatively when asked if
    she "found the absence of hymenal tissue also on [L.E.]."  Suiter also answer
16      affirmatively when asked if it was her opinion that "this absence of hymenal tissue . . .
    . [was] based on repeated penetration."
17
Exhibit 34, p. 9.  The court rejected petitioner's claim of insufficient evidence, holding as follows:
18
       In the case at bar, the jury appeared to believe the children's testimony in this
19      case, and this is sufficient to affirm Esteban's conviction.  In addition, the medical
    exams that Suiter performed on both E.E. and L.E. established that they had been
20      victims of repeated sexual abuse.  Accordingly, we conclude that the State produced
    sufficient evidence at trial to support Esteban's convictions.
21
Exhibit 34, 10 - 11.
22
       This court has reviewed the relevant trial testimony and finds that the Nevada
23
Supreme Court applied the correct standard to the facts of the case and was reasonable in its decision
24
to sustain petitioner's convictions.  The factual findings of the state court are presumed correct.  28
25
U.S.C. § 2254(e)(1). This court finds, therefore, that petitioner has failed to carry his burden of
26
demonstrating that the Nevada Supreme Court's decision that a reasonable jury could have been

convinced of petitioner's guilt beyond a reasonable doubt "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d).  The court thus concludes that this claim provides no basis for habeas corpus relief.

**Certificate of Appealability**

In order to proceed with an appeal, petitioner must receive a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further.  *Id.*

This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard.  The court will therefore deny petitioner a certificate of appealability.

**Conclusion**

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is **DENIED IN ITS ENTIRETY**.

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

1       **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

DATED: July 29, 2009.

                                                                _____
                                                                UNITED STATES DISTRICT JUDGE